**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 2:25-CR-66** |
| **v.** | **JUDGE ALGENON L. MARBLEY** |
| **TYLER BOSSETTI,** | |
| **Defendant.** | |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE SENTENCING**

More than nine months after his arraignment, and a little over two weeks before sentencing, Defendant Tyler Bossetti moves the Court to continue his sentencing hearing from April 10, 2026, to June 18, 2026 (or later), so that he can investigate whether he is entitled to offsets against the restitution he owes his victims. Because Defendant offers no good cause for such a delay under Rule 32(b), the motion should be denied.

Defendant pleaded guilty to the Information on June 13, 2025. (Mins., R.10.) As a result of the large losses to dozens of victims, both parties and Probation sought and received additional time to gather information for the Presentence Investigation Report (PSR). (Order, R.13 (45 days at Probation's request); Order, R.16 (45 days at Defendant's request to investigate Sheriff's sales of Defendant's properties); Order, R.18 (35 days at United States' request for a 2-week extension to finalize restitution amounts).) On September 9, 2025, the Initial PSR reported the existence of civil cases, civil judgments, and property sales related to Mr. Bossetti and his businesses. (Initial PSR, ¶ 76.) The final PSR issued on January 9, 2026, providing additional information about Mr. Bossetti's civil litigation and property sales. (Final PSR, §§ 71-73, 80-83.) Mr. Bossetti filed his motion to continue under seal on March 24, 2026. (Mot., R.24.)

Mr. Bossetti has had many months to investigate restitution in this case, and his reasons for additional delay are unjustified. In his motion, Mr. Bossetti proffers two potential discoveries he hopes to make through his investigations, but neither requires more time. If, as he first suggests, "a state court has entered judgment against Mr. Bossetti for the same loss" for which restitution is due, (*id.* at 3), then, as a party to the case, he should already be aware of the fact without further investigation. More to the point, the question is not whether judgments have been entered against Mr. Bossetti, but whether he has in fact paid victims for the fraud losses he caused. *See United States v. Elson*, 577 F.3d 713, 735 (6th Cir. 2009), *abrogated on other grounds by Lagos v. United States*, 584 U.S. 577 (2018) (holding that "the district court should offset the restitution obligation by the amount received, assuming that the compensation is for the same loss that is the subject of the restitution obligation"). If he has made such payments himself (which he does not aver), he need investigate no further than his own financial records. No additional investigation into payments made by Mr. Bossetti pursuant to civil judgments should be necessary.

If, as he alternatively supposes, "an insurer paid claims on behalf of a victim," (*id.* at 3-4), then it would make no difference to Mr. Bossetti because he would not be entitled to an offset. The insurer would stand in the victim's shoes, and Mr. Bossetti's restitution payments allotted to that victim would go instead to the insurer. *See* 18 U.S.C. § 3664(j)(1) ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation . . . ."). Because any discovered insurance payments would not yield an offset, this purported justification for delay also fails.

One further consideration: even if Mr. Bossetti could identify a potential restitution offset that he might plausibly discover with additional time, there is no guarantee that we would not find

ourselves back in this same position two months from now. New civil judgments may be rendered; additional properties may be sold; new victim compensation may be suspected. There is no logical end to the investigation Mr. Bossetti is requesting. Civil proceedings that could take months or years to conclude should not take precedence over Mr. Bossetti's reckoning.

Because no good cause is shown to delay sentencing, the Defendant's motion for a continuance should be denied, and sentencing should go forward as scheduled on April 10, 2026.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/ David J. Twombly
DAVID J. TWOMBLY (92558)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office:  (614) 469-5715
E-mail:  David.Twombly@usdoj.gov

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on March 26, 2026, through the

Court's electronic filing system, upon counsel of record for the Defendant.

s/ David J. Twombly
DAVID J. TWOMBLY (92558)
Assistant United States Attorney